**Jacqueline M. LaBELLE, Plaintiff,**

v.

**BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, a Wisconsin corporation, Defendant.**

No. 81–C–717.

United States District Court,
W. D. Wisconsin.

April 30, 1982.

Toby E. Marcovich, Superior, Wis., for plaintiff.

Gregory J. Koppe, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

This is an action for monetary relief commenced by Jacqueline LaBelle, a postal worker, against Blue Cross and Blue Shield United of Wisconsin for the recovery of hospitalization expenses and other reimbursement.

Defendant has now moved for summary judgment. The motion is granted.

## FINDINGS OF FACT

The Court finds the following facts to be undisputed:

1. Plaintiff Jacqueline LaBelle resides at Route 1, Iron River, Wisconsin. She is a postal worker.

2. Defendant Blue Cross & Blue Shield United of Wisconsin is a Wisconsin service insurance corporation.

3. Defendant has underwritten the basic hospital and supplemental benefits for eligible federal employees and annuitants and their dependents under the government-wide Service Benefit Plan according to the terms of Contract CS 1039. This contract was executed between the United States Civil Service Commission and defendant.

4. Contract CS 1039 is authorized under the provisions of the Federal Employees Health Benefits Act of 1959, 5 U.S.C. § 8901 et seq.

5. The contract provides at Article II as follows:

(d) Actions to Recover. No action at law or in equity shall be brought to recover on this contract prior to the expiration of 60 days after a claim has been filed in accordance with the requirements of this contract, nor shall such actions be brought at all unless brought within two years from the expiration of the time within which a claim must be filed as required by this contract.

6. The contract incorporates as Schedule A Brochure BRI 41–25, which provides as follows:

All claims must be submitted under the appropriate portion of the Plan (Basic or Supplemental) no later than December 31 of the calendar year after the one in which the covered care or service was provided.

7. Plaintiff was hospitalized from November 9 to 11, 1977 and from November 28 to December 2, 1977.

8. Plaintiff's claim for insurance benefits for this care and service is governed by the terms of Contract CS 1039.

9. Pursuant to the contract, any action to recover the hospitalization costs for those periods had to have been commenced not later than December 31, 1980.

10. This action commenced on June 19, 1981 by the filing of summons and complaint in the Circuit Court for Douglas County, Wisconsin.

## CONCLUSIONS OF LAW

Defendant's motion for summary judgment relies upon a supporting affidavit indicating that the action was not timely filed under the terms of the contract. Plaintiff has filed no affidavit opposing this motion. The Court must follow Rule 56(e), Federal Rules of Civil Procedure:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that

there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The facts establish that the plaintiff was hospitalized for certain days during the period from November 9, 1977 to December 2, 1977. Under the contract, plaintiff had until December 31, 1980 to commence legal proceedings for the payment of the cost of that hospitalization. The action, instead, was not commenced until June 19, 1981.

The six-year Wisconsin Statute of Limitations, upon which plaintiff relies, is preempted by federal law. Jacqueline LaBelle is a federal employee, working under a federal contract. Circuit Judge Leander J. Foley, Jr., in a memorandum decision, recently noted that

[t]he principle of the need for national unification in the administration of a Federal function operates in this particular case as the employees who are covered by this contract have the multi-state contacts that brings forth the underlying principle of preemption.

*John A. White v. Associated Hospital Service, Inc.,* No. 507–291, slip. op. at 2, (Cir.Ct. Milwaukee Co. September 23, 1980).

Congress' intent to preempt state law is also apparent in 5 U.S.C. § 8902(m)(1):

The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

Plaintiff is bound by the contract negotiated on her behalf. As Wisconsin law does not apply, plaintiff's failure to comply with the terms of that contract must preclude her remedy in this Court.

Accordingly,

### ORDER

IT IS ORDERED that defendant's motion for summary judgment is GRANTED.

Judgment shall be entered in favor of the defendant, dismissing the complaint, together with costs and disbursements of this action.