## TRUCK TRANSPORT, INC.
## *v.* MILLER TRANSPORTERS, INC.

84-271                        685 S.W.2d 798

Supreme Court of Arkansas
Opinion delivered March 11, 1985

*Lincoln & Orsini, P.A.,* by: *Bob Lawson, Jr.,* for appellant.

*Henry & Duckett,* by: *James M. Duckett,* for appellee.

GEORGE ROSE SMITH, Justice. The question is: In the circumstances of this case, was the appellant, Truck Transport, entitled to appeal to the circuit court from an order of the Arkansas Transportation Commission without first filing a motion asking the Commission to reconsider its decision? The circuit court held that Truck Transport, by failing to ask for a reconsideration of the Commission's decision, had not exhausted its administrative remedies. The

appeal to the circuit court was accordingly dismissed. Our jurisdiction of the case is under Rule 29 (1) (c).

Truck Transport and the appellee, Miller Transporters, successfully opposed the application of a third contract carrier for authority to transport bauxite and lime. The Commission, however, in its order denying that application, apparently went beyond the issues in the matter by unexpectedly enlarging Miller Transporters' authority to transport cement and bulk lime. Truck Transport's appeal to the circuit court was based on the contention that Miller Transporters' authority had not been in issue, that no hearing had been conducted on that matter, and that the Commission's enlargement of Miller Transporters' authority as a contract carrier should therefore be set aside.

There is no statute or Commission rule requiring a litigant to file a motion for reconsideration or a petition for rehearing as a necessary condition to an appeal to the circuit court. We are not laying down a rule that such a step is ordinarily necessary. To the contrary, it would be pointless to compel a litigant to incur the trouble and expense involved in the presentation of a motion simply repeating arguments already heard and rejected.

Nevertheless, in this case the circuit court was right in holding that the Commission should have been given an opportunity to reconsider its action. The Commission's procedural rules would have permitted such a request, either by petition or by formal complaint. Even though the Commission's enlargement of an existing authorization may have been unexpected and beyond the issues, the Commission should have been afforded an opportunity to correct its asserted error. Our discussion in *Ark. Cemetery Board* v. *Memorial Properties,* 272 Ark. 172, 616 S.W. 2d 713 (1981), is applicable to the present case:

It is an elementary principle of administrative law that an issue must be raised at the lower level to be pursued on appeal. This was clearly stated in *Hennesey* v. *SEC,* 285 F. 2d 511 (3d Cir. 1960), where the court said:

It is well established that issues not effectively presented to an administrative agency, where ample opportunity to do so has been afforded, cannot be raised on appeal of that agency's decision. This principle may be viewed as one facet of the judicial doctrine of "exhaustion of administrative remedies."

The United States Supreme Court stated the same concept in *Unemployment Comm'n* v. *Aragon*, 392 U.S. 143 (1946):

A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action.

The analysis set forth in the foregoing quotation explains why we are affirming the trial court's decision in the case at bar. In closing, however, we add that Truck Transport has not argued the case on its merits, having preferred to base its appeal on the procedural point alone. In fact, we could not reach the merits even if we were inclined to do so, because the parties by agreement have so severely abbreviated the record that facts bearing upon the merits of the Commission's action are not before us.

Affirmed.