James G. BARR and Delois Barr v. ARKANSAS BLUE
CROSS AND BLUE SHIELD, INC.

88-202                                              761 S.W.2d 174

Supreme Court of Arkansas
Opinion delivered December 5, 1988

*Q. Byrum Hurst*, for appellants.

*Wright, Lindsey & Jennings*, for appellee.

TOM GLAZE, Justice. This case involves a claim dispute under the Federal Employees Health Benefit Act (FEHBA) embodied in 5 U.S.C.A. §§ 8901-8914 (West 1967 & Supp. 1988). Appellant James G. Barr, a retired Federal employee, paid into the Federal Employees Benefit Plan offered through the appellee, Arkansas Blue Cross and Blue Shield. Under FEHBA, the United States Office of Personnel Management (OPM) enters into contracts with private carriers, in this case the appellee, that will administer the Federal Benefit plan. OPM promulgated regulation 5 C.F.R. § 890.105 (1986) which sets forth a procedure for resolving benefit claim disputes between a FEHBA plan's carrier and enrollees in the plan, such as appellants.

Appellants submitted hospital and medical bills to appellee for payment under the terms of FEHBA. After appellee denied two requests for payment of those bills, appellants filed suit against appellee in circuit court, alleging breach of contract and the tort of bad faith for appellee's alleged outrageous conduct in denying the appellants' claims. Appellee moved to dismiss the appellants' action because the appellants had not exhausted their administrative remedies by appealing to the OPM. Appellee also moved for partial summary judgment on the tort of bad faith claim on the basis that such a state claim was preempted by FEHBA. The trial court granted both of appellee's motions, and we affirm.

Regarding the preemption issue, we first turn to the terms of the preemption clause contained in § 8902(m)(1) of FEHBA, which provides as follows:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) *shall supersede and preempt any State or local law*, or any regulation issued thereunder, *which relates to health insurance or plans to the extent that such law* or regulation *is inconsistent with such contractual provisions*. (Emphasis added.)

The Ninth Circuit Court of Appeals in *Hayes* v. *Prudential Ins. Co. of America*, 819 F.2d 921 (9th Cir. 1987), considered the foregoing clause in a case similar to the one before us. In *Hayes*, the retired employee claimed he was wrongfully refused benefits under FEHBA and sought damages against the contract carrier (Prudential Insurance Co.) alleging state law causes of action which included breach of contract and breach of a duty of good faith and fair dealing. The employee contended his state claims were not preempted under § 8902(m)(1) because the claims related to the manner in which Prudential Insurance Co. *processed* his benefits and not to the "nature or extent of coverage or benefits." The court rejected the contention, stating no such distinction existed since tort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract. The court reasoned that the employee's state claims "relate to" the health insurance plans, under § 8902(m)(1) of FEHBA, as long as they have a connection with or refer to the plan. Because the court determined the employee's state law claims referred to the health insurance plan provided under FEHBA, it held the claims fell under the Act's preemption clause. The *Hayes* court further concluded as follows:

> Because the state law claims invariably expand appellees' obligations under the terms of the Plan, the claims are inconsistent with the Plan and, hence, preempted under § 8902(m)(1).[1]

The rationale employed by the court in *Hayes* is well supported by the Supreme Court's decision in *Pilot Life Ins.* v. *Dedeaux*, 107 S. Ct. 1549 (1987). In *Dedeaux*, the Court held that the Employee Retirement Income Security Act (ERISA) preempts state common law tort and contract claims for benefits under an ERISA regulated plan. The Supreme Court's holding was based upon its interpretation and application of the following preemptive clause contained in ERISA, which is notably similar

---

[1] Other jurisdictions have held to the same effect. *See Blue Cross & Blue Shield* v. *Dept. of Banking*, 791 F.2d 1501 (11th Cir. 1986); *LaBelle* v. *Blue Cross & Blue Shield United*, 548 F. Supp. 251 (W.D. Wisc. 1982); *Hartenstine* v. *Superior Court*, 196 Cal. App. 3d 206, 241 Cal. Rptr. 756 (1987). But *see, Howard* v. *Group Hosp. Service*, 739 F.2d 1508 (10th Cir. 1984); *Skoller* v. *Blue Cross-Blue Shield of Greater New York*, 584 F. Supp. 288 (S.D.N.Y. 1984).

to FEHBA's preemptive clause before us now:

> [T]he provisions of this subchapter . . . shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . . 29 U.S.C. § 1144(a) (1982).

In construing the foregoing clause, the Supreme Court gave the phrase "relate to" its broad common-sense meaning, such that a state law "relates to" a benefit plan in the normal sense of the phrase if it has a connection with or reference to such a plan. In doing so, the Court emphasized that the preemption clause was not limited to state laws specifically designed to affect employee benefits plans and concluded that common law causes of action raised in Dedeaux's complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly met the criteria for preemption under the clause. *Cf. Allis-Chalmers Corp.* v. *Lueck*, 471 U.S. 202 (1985) (where the Court held § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1982), preempted Wisconsin tort law for alleged bad faith delay in making disability payments under a collective bargaining agreement).

■ We believe the principles employed by the Court in *Dedeaux*, to determine Congress's intent and purpose in enacting the preemptive clause in ERISA, are equally applicable here, when construing FEHBA's preemptive clause. As we have cited already, other jurisdictions have adopted this same view when holding state causes of actions, such as contract and bad faith tort, are precluded under FEHBA. In the present case, appellants' actions clearly made reference or related to the plans provided by FEHBA, and in order to prevail in their breach of contract and bad faith tort claims, appellants must show that the appellee failed, in varying degrees, to comply with the requirements under that federal law when appellee denied appellants their benefits. In accordance with what we believe to be the controlling law on this subject, we conclude that appellants' state actions are preempted under FEHBA, and that the trial court was correct in so holding.

■ Next, we address appellants' argument that the trial court erred in dismissing their action because appellants failed to

exhaust their administrative remedies.[2] The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938). The doctrine is, however, subject to numerous exceptions. *McKart* v. *United States*, 395 U.S. 185 (1969). For example, exhaustion is not required where no genuine opportunity for adequate relief exists or where irreparable injury will result if the complaining party is compelled to pursue administrative remedies. Exhaustion is also not required where an administrative appeal would be futile. *See, e.g., Linfors* v. *United States*, 673 F.2d 332 (11th Cir. 1982).

Appellants first claim no remedy is available to them because they failed to request a review of the denial of benefits within a 90-day period required under 5 C.F.R. § 890.105(c)(3). We find little merit in this argument in view of 5 C.F.R. § 890.105(d)(1), which provides that OPM may extend the time for requesting a review when a person shows he or she was never notified of the time limit or was prevented by circumstances beyond his or her control from submitting a timely request for review. Clearly, OPM has the discretion to grant appellants a belated review, and we are unable to presume OPM will decline such a request given an opportunity to do so.

Appellants next argue that the administrative remedy fails to provide them with adequate relief because they seek judicial redress for appellee's bad faith conduct. This argument, of course, is resolved by our decision that FEHBA preempts the state causes of actions sought by appellants. Thus appellants' remedies lie within the terms and procedures set forth in that federal law.

Appellants also assert their claim clearly would be rejected by OPM because appellee has rejected it twice and it was

---

[2] In reaching this issue, we observe that a state court, as here, has concurrent jurisdiction with the federal courts to enforce rights granted by a federal act unless prohibited from doing so. *McEntire* v. *Monarch Feed Mills, Inc.*, 276 Ark. 1, 631 S.W.2d 307 (1982). We find nothing in FEHBA that prohibits this court's interpretation of that federal law.

rejected again by the trial court. Appellants' assertion ignores that the OPM review process provided by law is designed to remedy any error committed by a carrier—in this case, the appellee. As is set out in § 8902(j) of FEHBA, the carrier is required to pay benefits under the law if OPM finds that the employee is entitled to them.

■ Finally, appellants argue estoppel as another exception or reason they should not be obliged to pursue their administrative remedies. They claim, among other things, that the appellee had a duty, but failed, to advise appellants of their responsibility to seek OPM review. Appellants never raised this point below, and it is well settled that this court will not consider arguments raised for the first time on appeal. *Hooper-Bond Ltd. Partnership Fund III* v. *Ragar*, 294 Ark. 373, 742 S.W.2d 947 (1988).

Because appellants fail to establish their situation and circumstances relieve them from first pursuing their administrative remedies under FEHBA, we believe the trial court was right in dismissing their claim under that federal law for their failure to exhaust their remedies. Also, for the reasons given hereinabove, we affirm the trial court's ruling that appellants' state claims are preempted under the provisions of FEHBA.