Thomas and Alisa CUMMINGS *v.* BIG MAC MOBILE HOMES, INC., and Bank Services

98-194                                                   980 S.W.2d 550

Supreme Court of Arkansas
Opinion delivered November 19, 1998

*Hartsfield, Almand & Grisham, LLP*, by: *William G. Almand*, for appellants.

*Stephen Cobb*, for appellees.

ROBERT L. BROWN, Justice. The issues raised by appellants Timothy and Alisa Cummings in this case are whether the trial court erred in concluding that an exception to the exhaustion-of-remedies doctrine did not apply and whether the regulations at issue exceeded the legislative authority granted to the Arkansas Manufactured Home Commission. We hold that an exception to the rule requiring an exhaustion of administrative remedies does apply in this case, and we reverse the trial court.

On January 9, 1995, the Cummingses purchased a new 1995 Classic Express mobile home from appellee Big Mac Mobile Homes, Inc., for $20,870.50. From the time the mobile home was delivered to the Cummingses, it leaked water from the roof each time it rained, and the water ran down the interior walls. Big Mac made four unsuccessful attempts to repair the water leak: (1) on January 16, 1995; (2) on February 3, 1995; (3) on February 15, 1995; and (4) on May 10, 1995. On April 17, 1996, the Cummingses revoked their acceptance of the mobile home by letter to

Big Mac, tendered the mobile home to Big Mac, and demanded return of payments made on the mobile home. Big Mac refused the tender.

On July 9, 1996, the Cummingses filed a complaint for breach of the sales contract and alleged that the mobile home was in a "structurally defective condition" when delivered to them and that this nonconformity substantially impaired its value to them. The Cummingses further alleged that they had tendered the mobile home to Big Mac and that Big Mac had refused the tender. They sought damages in excess of $30,000 for breach of contract. The requested damages included payments made on the purchase price of the mobile home and premiums for casualty insurance. Big Mac then filed a third-party complaint against Classic Housing, Inc., the manufacturer of the mobile home, and prayed for judgment over in the event Big Mac was found liable.

On May 5, 1997, Big Mac moved to dismiss the complaint due to failure to exhaust administrative remedies. Specifically, Big Mac asserted that the Cummingses had failed to file a complaint with the Arkansas Manufactured Home Commission.[1] On September 2, 1997, the Cummingses filed an Amended and Substituted Complaint and joined BankAmerica Housing Services as a party defendant and as assignee of the Big Mac installment sales contract on the mobile home, but they alleged no wrongdoing against that party. The stated purpose for joining BankAmerica Housing was to bind that party in the event of a judgment against Big Mac. On September 22, 1998, the trial court granted Big Mac's motion to dismiss without explanation. The Cummingses filed a Motion for Findings of Fact and Conclusions of Law and for Reconsideration. On October 21, 1997, findings of fact and conclusions of law were entered by the trial court, and on October 22, 1997, the motion for reconsideration was denied. The Cummingses filed a timely appeal from the order denying reconsideration of the dismissal.

---

[1] Big Mac erroneously cites Act 419 of 1977 as authority for its motion. Act 346 of 1987 provides for complaints to the Commission for costs of repairs. *See* Ark. Code Ann. § 20-29-105 (Repl. 1991).

■ The Cummingses first contend that there was error on the part of the trial court in failing to apply an exception to the doctrine of exhaustion of administrative remedies. The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed statutory administrative remedy has been exhausted. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938); *Delta School of Commerce, Inc. v. Harris*, 310 Ark. 611, 839 S.W.2d 203 (1992); *Dixie Downs, Inc. v. Arkansas Racing Comm'n*, 219 Ark. 356, 242 S.W.2d 132 (1951). A basic rule of administrative procedure requires that an agency be given the opportunity to address a question before a complainant resorts to the courts. *See Hankins v. McElroy*, 313 Ark. 394, 855 S.W.2d 310 (1993); *Truck Transp. Inc. v. Miller Transporters, Inc.*, 285 Ark. 172, 685 S.W.2d 798 (1985).

■ However, in *Barr v. Arkansas Blue Cross and Blue Shield, Inc.*, 297 Ark. 262, 761 S.W.2d 174 (1988), this court recognized that exhaustion of administrative remedies is not required where no genuine opportunity for adequate relief exists, where irreparable injury will result if the complaining party is compelled to pursue administrative remedies, or where an administrative appeal would be futile. *See also Regional Care Facilities, Inc. v. Rose Care, Inc.*, 322 Ark. 780, 912 S.W.2d 406 (1995); *Delta School of Commerce, Inc. v. Harris, supra; Arkansas Motor Vehicle Comm'n v. Cantrell Marine, Inc.*, 305 Ark. 449, 808 S.W.2d 765 (1991). Thus, inadequate or futile administrative remedies need not be exhausted before other remedies are pursued. *See Coit Independence Joint Venture v. Federal Sav. and Loan Ins. Corp.*, 489 U.S. 561 (1989).

We turn then to the applicable statutes. The General Assembly first enacted Act 419 of 1977, now codified, as amended, at Ark. Code Ann. §§ 20-25-101 through 20-25-113 (Repl. 1991, Supp. 1997), to provide for the establishment of the Arkansas Manufactured Home Commission, for the adoption of uniform standards for the building of manufactured homes, and for enforcement of those standards by penalties. Subsequently, by Act 346 of 1987, now codified at Ark. Code Ann. §§ 20-29-101 through 20-29-111 (Repl. 1991), procedures for filing complaints before the Commission and for awarding damages for the actual

cost of repairs were enacted. Section 20-29-105 specifically deals with the filing of these complaints:

> (a) All consumer, licensee, installer, dealer, or manufacturer complaints shall be filed with the commission. The commission shall determine, by hearing or whatever procedure it establishes, if any standard adopted by the commission has been violated and, if so, the actual cost of repairs to the manufactured home, if any, suffered by the aggrieved party or parties.
>
> (b) The amount of damages awarded by the commission shall be limited to the actual cost of repairs to the manufactured home and shall not include attorneys' fees. On appeal to the circuit court from an award of the commission, the jurisdiction of the circuit court shall be limited to the actual cost of repairs to the manufactured home. The circuit court shall not have jurisdiction to award punitive or exemplary damages for claims covered by the provisions of this chapter, attorneys' fees, or court costs.

Section 20-29-106 then addresses available damage awards:

> (a) Upon a finding by the commission that a standard has been violated, the commission shall direct the respondent licensee, dealer, installer, or manufacturer to pay the awarded amount to the complainant.
>
> (b) If the amount is not paid within thirty (30) days following the written decision of the commission and no appeal of the decision has been filed in the circuit court, the commission shall, upon request, pay from the Manufactured Housing Recovery Fund the amount of the award to the complainant if:
>
> > (1) The amount is not in excess of ten thousand dollars ($10,000) for any one (1) violation of the respondent licensee, installer, dealer, or manufacturer;

The Commission later adopted rules which mirror the authority granted by these statutes. *See* Section XII, *Rules and Regulations for Manufactured Homes* (1993).

■ Under the Arkansas statutes and the Commission rules, it is clear that the Commission only provides a remedy for damages for the actual cost of repairs when one of its standards has been violated. But in the case at hand, damages for repairs is not

the remedy requested. Indeed, the Cummingses assert that their mobile home is beyond repair. They seek the remedy of revocation of acceptance, under the Uniform Commercial Code, due to a nonconformity which substantially impairs the mobile home's value to them. *See* Ark. Code Ann. § 4-2-608 (Repl. 1991). Following a tender of the mobile home to Big Mac, they seek return of the sales price paid. To ask for this remedy before the Commission would be manifestly futile because this remedy is simply not available.

The case of *Delta School of Commerce v. Harris, supra,* provides authority for our holding today. In *Harris,* this court held that an administrative remedy was inadequate for its failure to allow the plaintiff/students' requested relief of consequential damages, including lost wages and out-of-pocket expenses. The students' complaint was that the school had made fraudulent statements which induced them to enroll, and they sought actual, consequential, and punitive damages. Prior to this action, the U.S. Secretary of Education had adopted federal regulations pursuant to its statutory grant of authority which allowed a student to file a complaint with the Secretary. The federal regulations provided that if a student's complaint was valid, the Secretary could initiate an action to fine the institution, or limit, suspend, or terminate the institution's eligibility to participate in the Higher Education Assistance Act, and take "other appropriate action." We affirmed a damage award by the jury in favor of the students and held that because the federal regulations did not allow the Secretary to pursue consequential damages for a student, such as lost wages and out-of-pocket expenses, the administrative remedy was inadequate. That is precisely the situation we have in the case at bar.

We conclude that when a plaintiff prays for relief that is clearly not available at the administrative level, exhaustion of other available administrative remedies is not required. *See Delta School of Commerce, Inc. v. Harris, supra. See also O & G Indus., Inc. v. Planning and Zoning Comm'n,* 655 A.2d 1121 (Conn. 1995) (an administrative remedy is adequate only if it can provide the plaintiff with the relief it seeks and judicial review of the administrative decision); *Maresca v. Town of Ridgefield,* 647 A.2d 751 (Conn. App. Ct. 1994) (administrative remedy inadequate when employee

sought money damages and reinstatement was the only administrative remedy available).

We do note where the trial court made a finding of fact in the instant case that filing a claim with the Commission would not be futile. That finding was clearly erroneous. We view Big Mac's motion to dismiss due to failure to exhaust administrative remedies as a Rule 12(b)(6) motion to dismiss for failure to state facts upon which relief may be granted. *See* Ark. R. Civ. P. 12(b)(6). *See also Taylor v. U.S. Treasury Dept.*, 127 F.3d 470 (5th Cir. 1997). It is settled law that when deciding a Rule 12(b)(6) motion to dismiss, such as we have here, a trial court must treat the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *See Hames v. Cravens*, 332 Ark. 437, 966 S.W.2d 244 (1998). Moreover, a trial court looks only to the allegations in the complaint when deciding a motion to dismiss. *See Hames v. Cravens, supra*; *Neal v. Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994). Here, the allegations in the complaint are that the mobile home is structurally defective and that repairs by Big Mac have been ineffective. Accepting these allegations as true, as the trial court was required to do, a remedy to reimburse for repairs would be no remedy at all. Even if the trial court's order is considered one for summary judgment, the issue of the inadequacy of the remedy is a genuine issue of material fact between the parties, rendering summary judgment inappropriate. *See* Ark. R. Civ. P. 56(c).

Finally, we observe that the statutory schemes that establish the Commission and provide consumer recovery do not in any way indicate that the General Assembly intended to preempt a consumer's remedies at law. In fact, one provision of the Code establishing the Commission suggests just the opposite. *See* Ark. Code Ann. § 20-25-110(c) (Repl. 1991). Section 20-25-110 requires a mobile-home manufacturer to issue a warranty guaranteeing that the mobile home is free from material defects and built in a workmanlike manner. Subparagraph (c) of § 20-25-110 states that: "The warranty shall be in addition to, and not in derogation of, all other rights and privileges which the buyer may have under any other law or instrument." This provision is clear that with regard to manufacturers the administrative scheme is not

meant to be exclusive of other remedies at law that consumers might have.

   ■   In short, it appears patently clear to this court and beyond any serious dispute that the remedy sought by the Cummingses, on its face, is not available at the Commission level. We hold that in light of the fact that an administrative remedy was unavailable, it would have been a futile act to require the appellants to file their complaint seeking revocation of acceptance first with the Commission. We reverse and remand the matter to the trial court for further proceedings. Because we reverse on this point, we need not address the Cummingses' second point that the Commission's regulations, as interpreted by the trial court, would exceed the Commission's legislative authority.

   Reversed and remanded.

   THORNTON, J., dissents.

   RAY THORNTON, Justice, dissenting. I would affirm the findings of the trial court on the grounds that appellants must exhaust their administrative remedies before the Arkansas Manufactured Home Commission before pursuing judicial relief in this matter. I respectfully dissent from the majority opinion that by choosing not to claim damages but rather to seek the rescission of a contract to purchase more than a year after the purchase contract was entered into, appellants should be allowed to deprive the administrative agency of its authority and responsibility to determine whether standards had been violated, and, if so, to award appropriate damages. *See* Ark. Code Ann. § 20-29-105 (Repl. 1991).

   In my view, the Legislature created the Commission to provide protection to consumers who purchased defective manufactured homes. Recognizing the special problems associated with recovering damages from dealers and manufacturers who had inadequate financial resources or were otherwise judgment-proof, the Legislature provided a Recovery Fund to underwrite damages up to $10,000.00 per unit. However, no limitation was imposed upon the maximum remedy to be recovered from the manufacturer or dealer which violated the standards.

The rationale for the establishment of a recovery fund to protect the consumer is similar to the principle that an award from the Worker's Compensation Commission generally does not require a proof of fault for recovery for work-related injuries. As we stated in *Brown v. Finney*, 326 Ark. 691, 694, 932 S.W.2d 769, 771 (1996), the purpose behind the Worker's Compensation Act

> . . . was to change the common law by shifting the burden off all work-related injuries from individual employers and employees to the consuming public with the concept of fault being virtually immaterial. *See Simmons First Nat'l Bank v. Thompson,* 285 Ark. 274, 686 S.W.2d 415 (1985). With the passage of such statutes, employers gave up the common law defenses of contributory negligence, fellow servant, and assumption of the risk and, likewise, employees gave up the chance of recovering unlimited damages in return for certain recovery in all work-related cases. *Id.*

Brown, 326 Ark. at 694, 932 S.W.2d at 771.

Here, the Legislature clearly intended that all actions concerning defects in manufactured housing should be addressed by the Commission, but did not statutorily provide that the remedy be exclusive. The majority has properly cited the applicable provisions of Ark. Code Ann. § 20-29-105, but I wish to emphasize the first sentence of that statutory provision: "All consumer, licensee, installer, dealer, or manufacturer complaints shall be filed with the Commission." Ark. Code Ann. § 20-29-105(a) (Repl. 1991). While I agree with the majority that this delegation is not statutorily exclusive as provided in the workers' compensation law, hopefully all members of the court would agree that in the absence of a statutory delegation of exclusive jurisdiction, the jurisprudential doctrine of exhaustion controls.

The jurisprudential-exhaustion doctrine is a "long settled rule of judicial administration [which mandates] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Taylor v. U.S. Treasury Dept.*, 127 F.3d 470, 476 (5th Cir. 1997), *citing Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51. Arkansas courts have previously held that exhaustion of administrative remedies is not required where irreparable injury will result if the

complaining party is compelled to pursue administrative remedies, or where an administrative appeal would be futile. *Delta School of Commerce, Inc. v. Harris*, 310 Ark. 611, 618, 839 S.W.2d 203, 207 (1992); *Barr v. Arkansas Blue Cross and Blue Shield, Inc.*, 297 Ark. 262, 267, 761 S.W.2d 174, 177 (1988). Here, the majority has determined that the case, as pleaded, requests relief not available to appellants under the administrative remedy available before the Manufactured Home Commission, and that therefore the remedy is inadequate and need not be exhausted. This conclusion is flawed, in my view, simply because the remedy of damages for the entire purchase price, which is available through administrative action, is adequate.

As the majority quite correctly notes, the General Assembly provided for the establishment of the Arkansas Manufactured Home Commission to adopt uniform standards for the building, selling, and installation of manufactured homes, and to enforce those standards and deter violations through penalties. Act 346 of 1987, codified at Ark. Code Ann. §§ 20-29-101 through 20-29-111 (Repl. 1991), outlines procedures for filing consumer complaints before the Commission, which is empowered to award damages for the cost of repairs. Under these sections, the Arkansas Manufactured Home Commission is authorized to collect annual assessments of manufacturers, dealers, and installers of manufactured homes to contribute to a recovery fund whose purpose is to pay awards for claims and complaints filed with the Commission. Section 20-29-105 provides:

> All consumer, licensee, installer, dealer, or manufacturer complaints shall be filed with the Commission. The Commission shall determine by a hearing or whatever procedure it establishes first, if any, standard adopted by the Commission has been violated, and, if so, the actual cost of repairs to the manufactured home, if any, suffered by the aggrieved party or parties.

Ark. Code Ann. § 20-29-105(a) (Repl. 1991). It seems clear to me that if a structure as substantial as a manufactured home is truly beyond repair, the limit of recovery which could be awarded by the Commission would be the cost of a new home.

Upon finding that a standard has been violated, the Commission shall direct the respondent to pay the awarded amount. If the amount is not paid, and the award is not appealed to circuit court, the Commission may pay the award to the complainant from the Recovery Fund, so long as the amount is not in excess of $10,000.00, and the complainant agrees to subrogate his claim to the Commission. Ark. Code Ann. § 20-29-106(a)-(b) (Repl. 1991).

The language of the statute providing that "All consumer, licensee, installer, dealer, or manufacturer complaints shall be filed with the Commission" clearly indicates the Legislature's intention that disputes such as these be brought before the Commission. This effectuates the legislative goal that the Commission enforce the state's standards and penalize violators. The majority's opinion defeats these goals; agency enforcement of state standards is impossible where the Commission is not made aware of violations. A basic rule of administrative procedure requires that an agency be given the opportunity to address a question before a complainant resorts to the courts. *Hankins v. McElroy*, 313 Ark. 394, 855 S.W.2d 310 (1993).

Furthermore, the Legislature has revealed its intention that this is a remedy which must be exhausted in the following provisions concerning appeals to circuit court:

> Appeals from a decision of the Commission shall be to the Circuit Court in accordance with the Arkansas Administrative Procedure Act. Such appeal shall stay that portion of the Commission order which directs payment of the damage. Neither the respondent nor the Commission shall be required to pay damages to the complainant until such time as a final order of the Circuit Court, Court of Appeals, or Supreme Court is issued.

> On appeal, the Circuit Court jurisdiction in awarding damages to be paid from the fund shall be limited in amount to (a) the amount determined by the Commission, or (b) the limits set forth herein. The Court shall not award attorneys' fees or court costs to be paid by the fund.

Ark. Code Ann. § 20-29-107 (Repl. 1991).

The amount of damages awarded by the Commission shall be limited to the actual cost of repairs to the manufactured home and shall not include attorneys' fees. On appeal to the Circuit Court from an award of the Commission, the jurisdiction of the Circuit Court shall be limited to the actual cost of repairs to the manufactured home. The Circuit Court shall not have jurisdiction to award punitive or exemplary damages for claims covered by the provision of this chapter, attorneys' fees, or costs.

Ark. Code Ann. § 20-29-105(b) (Repl. 1991).

While appellants argue that they seek a remedy which is beyond the power and authority of the Commission to grant, a plain reading of the above-quoted statutory language reveals no limits on the compensatory damages that may be granted to a complainant by the Commission; indeed, damages for the full amount of the manufactured home may be appropriate, thus effecting a rescission of the sales contract. The only remedies which are unavailable from the Commission are those for attorney's fees and exemplary damages. This limitation on recovery, like the limitation on an action in tort in workers' compensation cases, is offset by the availability of up to $10,000.00 from the Commission's Recovery Fund, just as the worker's tort claim is offset by the assured recovery for work-related injuries.

The majority opinion relies strongly upon the language of the Code regarding consumer's rights in addition to the warranty on the manufactured home which is required by the statutes. It seems clear to me that this provision relating to warranties, coupled with the Commission's authority to award damages, negates any conclusion that proceeding before the Commission would be futile. I agree with the trial court's conclusion that administrative remedies should be exhausted before the courts accept jurisdiction, and respectfully dissent from the majority's opinion.