ARKANSAS MOTOR VEHICLE COMMISSION, et al.
*v.* CANTRELL MARINE, INC.

90-289                                    808 S.W.2d 765

Supreme Court of Arkansas
Opinion delivered May 13, 1991

*Mary B. Stallcup*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellant, and *Winston Bryant*, Att'y Gen., *C. Kent Jolliff*, Asst. Att'y Gen., for appellant/cross-appellee Arkansas Motor Vehicle Commission.

*Leslie R. Ablondi* and *Henry Hodges*, for intervenor/appellant Red River Marine of Heber Springs.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for amicus curiae Arkansas Automobile Dealers Ass'n.

*Barbara Morgan*, for appellee/cross-appellant.

DAVID NEWBERN, Justice. Cantrell Marine, Inc., the appellee, sought from appellant, Arkansas Motor Vehicle Commission, a motor vehicle dealer license pursuant to Act 388 of 1975 as amended by Act 65, § 7, of 1989. Cantrell Marine is a boat dealer. Cantrell Marine's application was returned with a letter from the Commission's Director stating, "in my opinion a marine dealer does not qualify as a Motor Vehicle Dealer, as found under A.C.A. 23-112-103(1) and (2)." The cited statutory subsections codify the Act's definitions of "motor vehicle" and "motor vehicle dealer."

Nothing of record suggests Cantrell Marine sought a hearing before the Commission or that the application was even submitted to the Commission for decision. Rather, Cantrell Marine filed its complaint in the Chancery Court for declaratory judgment that the Commission erred in refusing the license but that if the Commission's action was in accordance with the provisions of Act 388, the Act violated Cantrell Marine's rights to equal protection and due process of law as well as the privileges and immunities provisions of the United States and Arkansas Constitutions.

Twenty-five other boat dealers intervened in the action on the side of the Commission. The Chancellor held the Act unconstitutional. In addition to the brief of the intervenors, we have a brief from the Arkansas Automobile Dealers Association *amicus curiae* urging that we decide the case in favor of the Commission's position on the merits. We cannot reach the merits. We must reverse and dismiss because Cantrell Marine did not exhaust its administrative remedies.

In *Consumers Co-Op. Assn.* v. *Hill*, 233 Ark. 59, 342 S.W.2d 657 (1961), we held that "[t]he rule is well established that a litigant must exhaust his administrative remedies before instituting litigation to challenge the action of the administrative agency." *See also Cheney* v. *East Texas Motor Freight, Inc.*, 233 Ark. 675, 346 S.W.2d 513 (1961). Arkansas Code Ann. § 23-112-502(a) (Supp. 1989) provides: "Any interested party shall have the right to have the commission call a hearing for the purpose of taking action in respect to any matter within the commission's jurisdiction by filing with the commission a complaint setting forth grounds upon which the complaint is based." There is no doubt that an application for a license as a motor vehicle dealer falls within the jurisdiction of the Commission. Failure on the part of Cantrell Marine to seek a hearing before the Commission with respect to the Director's action was clearly a failure to exhaust its administrative remedies. *Dixie Downs, Inc.* v. *Arkansas Racing Comm.*, 219 Ark. 356, 242 S.W.2d 132 (1951).

In *Barr* v. *Arkansas Blue Cross & Blue Shield, Inc.*, 297 Ark. 262, 761 S.W.2d 174 (1988), we noted exceptions to the exhaustion of remedies doctrine, including instances where it would be futile to pursue an administrative remedy or where there was no genuine opportunity to do so. We cannot say that either

exception applies, as Cantrell Marine did not even ask the Commission to overrule its Director's expression of opinion that Cantrell Marine did not qualify as a motor vehicle dealer.

In *Consumers Co-Op. Assn.* v. *Hill, supra,* we held that failure to seek a rehearing before an administrative agency was failure to exhaust administrative remedies where rehearing could have cleared up a confusing ruling. Our holding was without prejudice to the seeking of the rehearing. Likewise, this decision will not preclude Cantrell Marine from following administrative procedure and, in the event of a ruling against it, an appeal which would be to circuit court. Ark. Code Ann. § 23-112-506 (1987).

Reversed and dismissed.

HOLT, C.J., and BROWN, J., not participating.