REGIONAL CARE FACILITIES, INC. d/b/a Regional
Healthcare Center of Benton County *v.* ROSE CARE, INC.

95-463                                        912 S.W.2d 406

Supreme Court of Arkansas
Opinion delivered December 18, 1995

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *Sam Hilburn* and *Pamela A. Mosley*, for appellant.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *David R. Matthews*, for appellee.

TOM GLAZE, Justice. This appeal is a companion one to *Regional Care Facilities, Inc. v. Rose Care, Inc.*, No. 95-458, which is also decided today. While these two cases have not been consolidated, the procedural events in each are the same and are important in deciding the respective appeals. While not mentioned in case no. 95-458, a brief discussion of the statutory history giving rise to these cases might be helpful.

In 1987, the General Assembly enacted statutes forming the Arkansas Health Services Commission and the Arkansas Health Services Agency to evaluate the availability and adequacy of health facilities and health services related to long-term care facilities and home health care service agencies. Through Act 422 of 1989, the General Assembly imposed a moratorium on the construction of new home health care agencies or nursing homes from March 8, 1989, until June 1, 1989. As part of that Act, the Commission was empowered to remove "any and all of

the moratoria any time after June 1, 1989[1], provided the Commission has duly adopted and promulgated standards for the review of the health facility for which the moratorium is removed." Ark. Code Ann. § 20-8-106(a)(1) (Repl. 1991). Subsequently, the Commission promulgated the "Arkansas Health Services Commission Policies and Procedures for Permit of Approval Review."

As is factually set out in companion appeal no. 95-458, the Health Services Agency in February 1992, published notice that a permit of approval (POA) would be issued by the Health Services Commission for one 70-bed nursing home facility in Benton County. Four applications to construct the facility were submitted. Regional Care Facilities, Inc. (Regional), filed two applications, one for a 70-bed unit in Rogers and one for a 70-bed facility in Bentonville. Rose Care applied to build a 70-bed facility in Bentonville. The other application was filed by Innisfree for a 70-bed nursing home in Rogers.

The Agency "in considering the need for only one facility" recommended to the Commission that the POA be awarded to Innisfree. Included in the Agency recommendation, however, was the statement that the Commission "might consider approving a second facility." The Agency recommended that a second POA be granted to Regional for the construction of a 70-bed unit in Bentonville.

The Agency then notified the applicants of its recommendations and published notice of a Commission hearing on "Proposals for new 70-bed nursing homes." At the hearing, each of the applicants discussed its application. The Rose Care representative voiced concern over the possibility of the approval of a second POA and referred to the lack of notice concerning the second POA.

The Commission followed the Agency recommendations and awarded one POA to Innisfree for a 70-bed facility in Bentonville and endorsed the Agency's recommendation to award an additional POA for seventy beds to Regional. Notice of the decision was sent to the applicants, and Rose Care filed an appeal with

[1]1989 Act 422 § 6 specifies June 1, 1988, as the date after which the commission may lift the moratoria, but that is a mistake and should read "June 1, 1989." The trial court correctly read the Act as specifying June 1, 1989, and not 1988.

the Commission seeking, in effect, reconsideration of its decision. The Commission set a hearing for September 30, 1992, to consider Rose Care's review requests. However, while the administrative review hearing was still pending before the Commission, Rose Care filed its complaint against the Agency and Commission on September 28, 1992, in circuit court, wherein it alleged it anticipated the Commission would grant the second POA to Regional at the scheduled September 30, 1992 hearing unless the court enjoined the permit's issuance. On September 28, 1992, the circuit court granted Rose Care's request for injunctive relief by entering an ex parte order.[1] Regional later was allowed to intervene, and among other things, it contended Rose Care's lawsuit was premature because no final Agency (Commission) decision had been made at the time the court's ex parte restraining order was issued. In sum, Regional, the Agency, and the Commission requested summary judgment be granted, contending Rose Care had failed to exhaust its administrative remedies, and the circuit court was without jurisdiction to have issued its ex parte order. We agree.

Citing Ark. Code Ann. § 25-15-207(d), Rose Care submits it was not required to exhaust its administrative remedies before seeking a declaratory order from the court. That statute provides as follows:

> (d) A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

It is important to emphasize at this point that declaratory actions are intended to supplement rather than replace ordinary causes of action. *Rehab Hospital Services Corp.* v. *Delta-Hills Health Systems Agency, Inc.*, 285 Ark. 344, 687 S.W.2d 840 (1985). In *Rehab,*, the Arkansas State Health Planning and Development Agency granted a certificate to Rehab Hospital to construct a hospital in Jonesboro. Delta-Hills Health Systems Agency filed a motion for reconsideration after conducting a telephone poll of its executive committee and before any action

---

[1]Although the order was entered, the Commission subsequently approved and issued Regional the second POA. Regional raises this point on appeal, but it is unnecessary to discuss and decide it.

was taken on the motion, Rehab filed suit in circuit court alleging the reconsideration motion should be voided since Delta-Hill's telephone poll violated the Freedom of Information Act. In upholding the trial court's decision refusing to void the motion, this court stated:

> It seems to be now a recognized doctrine that requires administrative relief to be sought before resorting to declaratory procedure, wherever administrative relief is afforded and this requirement is not one merely requiring the initiation of administrative procedure, *but the administrative procedure must be pursued to its final conclusion before resort may be had to the court for declaratory relief.*

The *Rehab* decision is consistent with prior law on this subject. For example, the court in *Boyett* v. *Boyett*, 296 Ark. 36, 598 S.W.2d 86 (1980), stated that declaratory relief is not proper when the identical questions involved in the declaratory judgment proceeding are already at issue between the parties in a pending action. The court further said that declaratory judgment procedure is not proper as a means of trying a case, or various issues involved in it, by piecemeal. In *Consumers Co-op Assn.* v. *Hill*, 233 Ark. 59, 342 S.W.2d 657 (1961), this court held that failure to seek a rehearing before an administrative agency was failure to exhaust administrative remedies where rehearing could have cleared up a confusing ruling. *See also Arkansas Motor Vehicle Comm'n* v. *Cantrell Marine, Inc.*, 305 Ark. 449, 808 S.W.2d 765 (1991).

This court in *Barr* v. *Arkansas Blue Cross & Blue Shield, Inc.*, 297 Ark. 262, 761 S.W.2d 174 (1988), recognized that the exhaustion of administrative remedies is not required where no genuine opportunity for adequate relief exists or where irreparable injury will result if the complaining party is compelled to pursue administrative remedies. That is not the situation here. Although Rose Care argues the Arkansas Health Planning statutes do not provide administrative procedural redress for review of the Commission's *approval* of a permit to construct a nursing home facility, we must disagree.

To support its argument, Rose Care cites Ark. Code Ann. § 20-8-106(d) (Repl. 1990) and contends the statutes only contemplate review of the Commission's *denial*, not approval, of a

POA.[2] Rose Care's argument totally ignores Ark. Code Ann. § 20-8-103(f) and (h) which provide as follows:

> (f) The commission shall review the recommendations of the agency concerning action on applications by long-term care facilities or home health care service agencies for permits of approval and endorse or reject the same.

* * *

> (h) The commission, upon appeal by the applicant, shall conduct hearings on permits of approval by the agency within thirty (30) days of receipt of the notice of appeal. The commission shall render its final decision within forty-five (45) days of the close of the hearing. Failure of the commission to take final action within these time periods shall be considered a ratification of the agency decision on the permit of approval and shall constitute the final decision of the commission from which an appeal to circuit court may be filed.

As is evident by reading the foregoing provisions, the General Assembly has provided for the review of agency recommendations and the Commission may endorse or reject them. And while provision (h) provides that the Commission, upon appeal by the applicant, must conduct hearings on permits of approval by the Agency, we find nothing in this language, or that in provision (f), that would prevent Rose Care from requesting the review of the Agency's recommendations *or* the approval of a permit. Moreover, as is specifically provided in provision (h), the Commission's decision is then appealable to circuit court.

Here, Rose Care was an applicant and had every right to pursue the statutory procedures discussed above. In fact, Rose Care requested a review of the Agency's recommendation that a second POA should be issued to Regional and was granted a review.

In conclusion, we mention Rose Care's argument in this case that the Agency and Commission failed to give proper

---

[2]Section 20-8-106(d) provides any applicant seeking review of the agency denial of a permit of approval shall file a written appeal.

notice that a second POA would be considered prior to making its recommendations to the Commission. This notice issue is addressed and decided in Rose Care's favor in companion case no. 95-458 where we point out that the Commission's regulations require that the notice of a proposed review of applications for a POA be given, but the Agency failed to comply. As we state in case no. 95-458, we hold the trial court was correct in reversing and remanding this matter directing the Commission to take further steps in connection with the approval of the second POA. In the event of an adverse ruling, an appeal would be to circuit court.

For the reasons stated hereinabove, we reverse and dismiss the trial court's order.

CORBIN, J., not participating.