Lee DOUGLASS, In His Capacity as Commissioner of the Arkansas Insurance Department, and Arkansas Insurance Department *v.* NATIONWIDE MUTUAL INSURANCE COMPANY and State Farm General Insurance Company

95-233                                    913 S.W.2d 277

Supreme Court of Arkansas
Opinion delivered January 16, 1996

*Jeanette Denham*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Robert M. Eubanks III, Stuart P. Miller,* and *J. Lee Covington II*, for appellees.

ROBERT L. BROWN, Justice. This appeal by Lee Douglass, Commissioner of the Arkansas Insurance Department, and the Arkansas Insurance Department itself (collectively referred to as Department), focuses on whether an insurance company may unilaterally rescind coverage based on fraud or material misrepresentations by the insured after a loss has occurred, when no third-party claims are involved. According to a Memorandum of Decision and Declaratory Order by the Department, rescission by an insurance company may only transpire when the company (1) seeks declaratory relief from a court of competent jurisdiction, or (2) obtains consent from the insured and any affected third parties. The circuit court reversed the order of the Department. On appeal, we affirm the circuit court's order.

The relevant facts are found in a complaint filed jointly by appellees Nationwide Mutual Insurance Company and State Farm General Insurance Company against appellant Department. On April 26, 1993, State Farm issued a binder of coverage for renter's insurance to Donna J. Carter and Michael Beirne based on representations submitted in their application for insurance. On May 12, 1993, a claim for theft loss was presented for payment under the policy. During State Farm's investigation into the claim, it discovered that Carter and Beirne had experienced a theft loss three days prior to submitting their application for insurance. In the application, they had reported that no losses had been experienced in the past three years. State Farm alleged that it would not have issued the policy, if the truth had been known. Apparently, State Farm rescinded the policy and returned paid premiums to the insureds on or about July 20,

1993, but it is not altogether clear precisely when this occurred.[1] Also on July 20, 1993, Donna Carter filed her complaint with the Arkansas Insurance Department.

On the same day that Carter filed her complaint, the Insurance Commissioner issued the following Memorandum of Decision and Declaratory Order:

> The Arkansas Insurance Department ("Department") has in the past several months received numerous consumer complaints regarding property and casualty insurance carriers unilaterally voiding insurance contracts *ab initio* for alleged material misrepresentation. The Department has received a request for declaratory order to articulate its position on this matter. As this raises an issue of great public importance, this order is being issued.
>
> In *Ferrell* v. *Columbia Mutual Insurance Casualty Company*, 306 Ark. 533, 816 S.W.2d 593 (1991), the Arkansas Supreme Court rendered an opinion relevant to this order. The court opined that when an innocent third party has suffered damages as a result of an insured's negligence, the insurer cannot rescind coverage retroactively based on the grounds of fraud or misrepresentation under a compulsory automobile insurance or financial responsibility law. Prospective cancellation was the only appropriate remedy the *Ferrell* court reasoned. Additionally, it was held that where in an application for non-compulsory coverage there were misrepresentations of material facts the knowledge of which would have caused the insurer to decline to issue the policy, rescission was the proper remedy.
>
> The issue before the Department is, "Under what circumstances . . . will such an insurer be permitted to rescind a policy?" As recognized in *Ferrell*, cancellation is a prospective remedy and is based upon the insurer's contract rights or rights under statute, while rescission is an equitable, common law remedy which voids the contract

---

[1] The Department did not raise the promptness of the rescission by State Farm as an issue in this appeal.

*ab initio.* An insurer may not purport to unilaterally rescind a policy *ab initio*, and such actions of an insurer violate Arkansas insurance laws and constitute an unfair trade practice under Ark. Code Ann. § 23-66-205, § 23-66-206, and § 23-89-301 *et seq.* Rescission of a policy may only be properly accomplished with consent of the insured policy owner and any third parties in whom rights may have vested, or by seeking declaratory relief in a court of competent jurisdiction.

In a letter dated July 29, 1993, the Department notified State Farm of Carter's complaint and directed State Farm to respond. According to the letter, failure to respond could result in a finding of an unfair trade practice and result in the imposition of a fine up to $10,000. On August 6, 1993, State Farm responded and described the material misrepresentations by Carter and Beirne. On December 9, 1993, the Department informed State Farm that, pursuant to its order, State Farm could not unilaterally rescind the policy.

The second claim in the filed complaint involves Nationwide Mutual Insurance Company. On June 10, 1993, Nationwide bound coverage on an automobile policy for Trischia Gostony and Christopher M. Stefanik. In the application, Gostony stated that no one in the household had had any motor vehicle violations in the last five years. The insureds subsequently filed a claim with Nationwide for an accident which occurred on July 4, 1993. Motor vehicle reports later revealed that Stefanik had received seven violations within the last three years. On July 9, 1993, Nationwide rescinded its policy and returned the premiums to its insureds. On August 12, 1993, Gostony filed a complaint with the Department and the Department later notified Nationwide of that complaint. The letter, dated August 20, 1993, directed Nationwide to respond to the complaint or suffer potential penalties up to $10,000. Nationwide responded and asserted that it would not have issued the policy but for the material misrepresentations. Relying on its order, the Department informed Nationwide that it had improperly rescinded the policy.

In a letter dated February 14, 1994, the Department advised State Farm and Nationwide that their actions were not

in accord with Arkansas law. On March 11, 1994, Nationwide and State Farm filed their complaint for Declaratory Judgment and Request for Stay of the Department's Order in circuit court.

On September 9, 1994, the circuit court conducted a hearing and heard arguments and subsequently filed its Memorandum Opinion and Order. After a detailed analysis, the court rendered the following conclusions and order:

> Based on the foregoing, the court hereby declares that an insurer may exercise its common law right to rescind an automobile insurance policy or any other type of property and casualty insurance policy without obtaining the consent of the insured or a declaratory judgment. This common law right of unilateral rescission may be exercised at any time before or after a claim is made by an insured when it is discovered that the insured procured the insurance policy through fraud or misrepresentation as long as the insurer notifies the insured of the decision promptly upon discovery of the fraud or misrepresentation and the insurer returns all premiums paid by the insured.

> Accordingly, the Court FINDS, DECLARES, AND ORDERS that plaintiffs' complaint for declaratory judgment should be and is hereby granted, that the commissioner's order, A.I.D. No. 93-39, should be and is hereby reversed, and that an insurer may exercise its common law right of unilateral recision as set forth herein.

### I. Ripeness

For its first point on appeal, the Department contends that the trial court erred in finding that it had jurisdiction to determine whether an insurer could unilaterally rescind *any* type of property and casualty insurance policy before or after a loss. *See* Ark. Code Ann. §§ 23-62-104, 23-62-105 (Repl. 1994). The Department argues that the only issues ripe for determination were whether Nationwide could unilaterally rescind the specific automobile policy after a loss and whether State Farm could unilaterally rescind the renter's policy after a loss. All other matters were contingent, remote, and speculative, according to the Department.

We initially observe that the Commissioner's order

was rendered in response to a request for a declaratory order concerning the right of insurers to rescind their policies *ab initio* and represents final agency action. Declaratory orders are contemplated under the Administrative Procedure Act and have the same status as agency orders in cases of adjudication. Ark. Code Ann. § 25-15-206 (Repl. 1992). Judicial review of administrative adjudications in circuit court is provided under Ark. Code Ann. § 25-15-212 (Repl. 1992). We further observe that the Administrative Procedure Act provides for petitions for declaratory judgment in circuit court concerning the validity of agency rules that *threaten* to injure the petitioner. Ark. Code Ann. § 25-15-207 (Repl. 1992); *McCuen Burial Ass'n* v. *Arkansas Burial Ass'n Bd.*, 298 Ark. 572, 769 S.W.2d 415 (1989); *see also Travelers Indem. Co.* v. *Olive's Sporting Goods, Inc.*, 297 Ark. 516, 764 S.W.2d 596 (1989). The instant case concerns review of a declaratory order by the agency rather than a rule. However, with respect to the issue of ripeness and the threat of injury we see no legitimate distinction between judicial review of an agency rule and judicial review of a declaratory order by the agency.

The Department advised State Farm and Nationwide in the wake of their unilateral rescissions that failure to respond to the complaints of the insureds would be considered an unfair trade practice which could result in sanctions of up to $10,000 under the Trade Practices Act. *See* Ark. Code Ann. §§ 23-66-201 to 408 (Repl. 1994). In addition, the Commissioner's order alludes to the same penalties for unilateral rescissions by insurance carriers respecting any type of property and casualty insurance. Thus, it appears manifest that the threat of sanctions for failure to comply with any aspect of the Commissioner's order was imminent. It stands to reason that when a rule (or declaratory order) has a direct effect on the day-to-day business operations of an insurance company and places that company in a dilemma regarding the full range of property and casualty insurance, the issue is a fit subject for judicial review and a petition for declaratory relief. *See Abbott Laboratories* v. *Gardner*, 387 U.S. 136 (1967). The *Abbott* conditions were satisfied in the case before us. Accordingly, the Commissioner's order, as it affected any type of property and casualty insurance written by State Farm and Nationwide, was ripe for determination and subject to review.

## II. *Unilateral Rescission*

The essential point in this appeal is whether State Farm and Nationwide could unilaterally rescind their policies after a loss when no third parties were affected and when the insureds materially misrepresented the facts in their applications for insurance. The circuit court, initially, made it perfectly clear at the hearing that no third-party claims were involved in this matter:

> THE COURT: Number one, so that we all are playing on the same level field, we are only talking about first party claims here, we are not talking about third party claims. Everybody agrees to that?

> MS. DENHAM (ATTORNEY FOR DEPART-MENT): Yes, sir.

The Department argues, however, that either consent of the insured or judicial action is necessary before unilateral rescission for fraud may occur. We disagree, in the absence of innocent third parties.

In *Ferrell* v. *Columbia Mut. Cas. Ins. Co.*, 306 Ark. 533, 816 S.W.2d 593 (1991), this court addressed whether the statute setting out the method for prospectively cancelling an automobile insurance policy had abrogated an insurance company's common law right to rescind an automobile policy *ab initio*. *Ferrell*, 306 Ark. at 534-535, 816 S.W.2d at 594. In that case, Ferrell had made numerous misrepresentations to his insurance agent when filling out the application for his family's auto insurance policy, including the failure to list his family's traffic violations and accidents. After coverage was bound, Ferrell's daughter ran a stop sign and was hit by another car. She immediately notified her insurance agent. A week later, the insurance company rejected the binder due to the driving records of the Ferrell children. On February 18, 1988, the insurance company, without knowledge of the wreck, refunded the entire premium and notified Ferrell that it was rescinding the policy *ab initio*. This court observed in *Ferrell* that all courts that have considered the question as it relates to third-party claimants have held that insurers cannot unilaterally rescind their contracts on grounds of fraud or misrepresentation. But we went on to say that because no third-

party claimants were involved in the case and the case involved only the insured's property, there was no public policy reason to hold that an insurer's common law right to rescind for fraud was abrogated.

During the session of the General Assembly that followed the *Ferrell* decision, the *Ferrell* reasoning was adopted in Act 457 of 1993, now codified at Ark. Code Ann. § 23-89-303(e) (Supp. 1993), which relates to automobile liability coverage:

> (e)(1) However, an insurer shall not be able to rescind bodily injury or property damage liability coverage under an insurance policy for fraud or misrepresentation with respect to any injury to a third party when suffered as a result of the insured's negligent operation of a motor vehicle.
>
> (2) Nothing in this subsection is intended to negate an insurer's right to rescind other coverages in the insurance policy purchased by the insured.

The cases cited by the Department in support of its argument that unilateral rescission may not transpire stand for the proposition that a contract *may* be rescinded by mutual agreement. *See Standard Abstract & Title Co.* v. *Rector-Phillips-Morse, Inc.*, 282 Ark. 138, 666 S.W.2d 696 (1984); *Wheatley* v. *Drennen*, 209 Ark. 211, 189 S.W.2d 926 (1945); *Duty* v. *Keith*, 191 Ark. 575, 87 S.W.2d 15 (1935). However, none of the cases adduced stands for the proposition that mutual consent or court action is required for a rescission at law based on fraud.

In the insurance treatise, *Couch on Insurance*, the author recognizes the right of the insurance carrier to rescind or repudiate a contract based on the insured's fraud:

> There tends to be some confusion in the cases because of the use of the term "rescission" without distinguishing between a judicially sought rescission and a unilateral rescission or repudiation. When the insurer asserts that it is not liable on the contract because it rescinds the contract because of insured's fraud, the insurer is repudiating the contract, and unless justified in so doing is guilty of breach of its contract.

17 *Couch on Insurance 2d* § 67:314, p. 743 (1983).

In Arkansas, rescission of a contract at law is accomplished by the rescinding party's tendering the benefits received to the contracting party, and the courts have nothing to do with the repudiated transaction. *See Savers Fed. Savings & Loan Ass'n* v. *First Fed. Savings & Loan Ass'n*, 298 Ark. 472, 768 S.W.2d 536 (1989), *quoting with approval* Dan B. Dobbs, *Pressing Problems for the Plaintiff's Lawyer in Rescission: Election of Remedies and Restoration of Consideration*, 26 Ark. L. Rev. 322 (1972). But one who desires to rescind a contract on grounds of fraud or deceit must do so as soon as that person discovers the truth. *See Herrick* v. *Robinson*, 267 Ark. 576, 595 S.W.2d 637 (1980), *reh'g denied*, 267 Ark. 592, 595 S.W.2d 647 (1980). We stated in *Herrick* that the rescinding party must announce his purpose at once and act with reasonable diligence so that the parties may be restored to their original position as nearly as possible. *Id.*

Hence, rescission of a contract at law occasioned by fraud may be accomplished without court action but by a prompt restoration of benefits to the contracting party and by a clear statement that rescission of the agreement is what is intended. *Maumelle Co.* v. *Eskola*, 315 Ark. 25, 865 S.W.2d 272 (1993); *Herrick* v. *Robinson, supra*. The contracting party then has the option of suing for breach of contract. The circuit court applied these general contract principles to the matter at hand, and we hold that it was correct in doing so.

While we uphold the right of an insurance company to rescind coverages based on fraud by the insured without consent of the insured or a declaratory judgment, we underscore the point that this right is unavailable when third-party claims are at issue. Other jurisdictions have likewise referred to these public policy considerations. *See, e.g., Klopp* v. *Keystone Ins. Cos.*, 595 A.2d 1 (Pa. 1991) (concurring opinions); *United Security Ins. Cos.* v. *Commissioner of Ins.*, 348 N.W.2d 34 (Mich. App. 1984). In *Klopp*, a husband and wife, as insureds, sought to prevent an insurance carrier from unilaterally rescinding an automobile policy due to material misrepresentations in the application concerning past accidents. The trial court denied the carrier the right to rescind, but the Pennsylvania Supreme Court

reversed. The Court referred to a Pennsylvania statute which limited a carrier's ability to cancel coverage 60 days after issuance of the policy but concluded that the legislature did not intend to abrogate the carrier's rescission rights within that same 60-day period. Two concurring opinions emphasized the necessity for protecting the rights of innocent third parties and noted that third-party claims were not at issue in that case.

In *United Security Ins. Co.* v. *Commissioner of Ins., supra,* the Michigan Commissioner of Insurance prevented an insurance carrier from rescinding an automobile policy based on intentional misrepresentations in the application by the insured. The trial court reversed the Commissioner's order, and the Court of Appeals affirmed, holding that common law rescission for fraud was still a right retained by insurers. The Court took pains, however, to assure that rescission was not appropriate when third-party claims were involved:

> We emphasize that the person making the claim under the insurance policy here is the insured who made the intentional material misrepresentations; this is not a case in which the claimants are innocent third parties.

*United,* 348 N.W.2d at 36.

In the case before us, the circuit court made clear by its questioning to counsel that third-party claims were not at issue. We, accordingly, read the circuit court's order of reversal as being solely limited to matters where third-party rights are not impacted.

■ There is, next, the issue of whether unilateral rescission for fraud may occur after the 60-day period from issuance of the insurance policy set out in the cancellation statutes for automobile insurance. *See* Ark. Code Ann. §§ 23-89-303, 23-89-304 (Repl. 1992 & Supp. 1993). The Department is correct that *Ferrell* v. *Columbia Mut. Ins. Cas. Co., supra,* concerned a rescission made within 60 days and that these statutes apply only to automobile liability insurance. Nonetheless, § 23-89-303(e)(2) does not limit the right to rescind to a particular time frame; nor does any other statute. As a result, we decline to apply the 60-day period specified in the cancellation statutes as a limitations period for rescission based on fraud without clearer direction

from the General Assembly.

The Department also disagrees with the circuit court's policy rationale for reversing the Commissioner's order. The language used by the court was that it was "expeditious, cost-effective, and fair" to permit unilateral rescission. The court's policy justifications for deciding as it did do not represent grounds for reversal.

Affirmed.

JESSON, C.J., not participating.