McLANE SOUTHERN, INC., and McLane Company, Inc.,
d/b/a McLane Southeast *v.* Charlie DAVIS,
Director of the Arkansas Tobacco Control Board,
and the Arkansas Tobacco Control Board

CA 02-89 90 S.W.3d 16

Court of Appeals of Arkansas
Division IV
Opinion delivered November 20, 2002

*Williams & Anderson LLP*, by: *Peter G. Kumpe, Stephen B. Niswanger* and *Clifford P. Block*, for appellants.

*Mark Pryor*, Att'y Gen., by: *Arnold M. Jochums*, Ass't Att'y Gen., for appellees.

*Lax, Vaughn, Fortson & McKenzie, P.A.*, by: *Grant E. Fortson*, for appellees.

JOHN B. ROBBINS, Judge. This is an appeal from an order denying a motion for a preliminary injunction prohibiting an administrative proceeding initiated by the Arkansas Tobacco Control Board. We hold that the circuit judge did not abuse his discretion in denying the motion and affirm.

In October 2001, the Board notified McLane Southern, Inc., and McLane Company, Inc.,[1] d/b/a McLane Southeast (henceforth "McLane"), cigarette wholesalers, that they were being charged with violating the anti-rebating provisions of the Unfair Cigarette Sales Act found in Ark. Code Ann. § 4-75-708(b) (Repl. 2001) and the regulations promulgated thereunder. This statute prohibits cigarette wholesalers from giving rebates or concessions to cigarette retailers as follows:

> (a) It shall be unlawful for any wholesaler or retailer, with intent to injure competitors or destroy or substantially lessen competition, to advertise, offer to sell, or sell, at retail or wholesale, cigarettes at less than cost to the wholesaler or retailer, as the case may be.

> (b) It shall be unlawful for any wholesaler or retailer, with intent to injure competitors or destroy or substantially lessen competition, to offer a rebate in price, to give a rebate in price, to offer a concession of any kind, or to give a concession of any

---

[1] McLane Company is a wholly-owned subsidiary of Wal-Mart Stores, Inc. McLane Southern is a wholly-owned subsidiary of McLane Company.

kind or nature whatsoever in connection with the sale of cigarettes.

. . . .

(d) Any wholesaler or retailer who violates the provisions of this section shall be guilty of a misdemeanor and be punishable by a fine of not more than five hundred dollars ($500).

(e) Evidence of advertisement, offering to sell, or sale of cigarettes by any wholesaler or retailer at less than cost to him or her, or evidence of any offer of a rebate in price or the giving of a rebate in price or an offer of a concession or the giving of a concession of any kind or nature whatsoever in connection with the sale of cigarettes, or the inducing or attempt to induce or the procuring or the attempt to procure the purchase of cigarettes at a price less than cost to the wholesaler or the retailer shall be prima facie evidence of intent to injure competitors and destroy or substantially lessen competition.

Although McLane requested a hearing before the Board, it filed this action in circuit court before the hearing was held. McLane prayed for preliminary and permanent injunctions preventing the Board from proceeding with the administrative action and a declaration that the anti-rebating provisions of the Act and the regulations are unconstitutional under the due process clauses of the Arkansas and United States Constitutions. In response, the Board asserted that McLane was not likely to succeed on the merits because the matters raised in this proceeding were barred by *res judicata* and claim preclusion, having been resolved by the supreme court's decision in *McLane Co. v. Weiss*, 332 Ark. 284, 965 S.W.2d 109 (1998).[2] The Board also contended that McLane had failed to exhaust its administrative remedies provided by the Administrative Procedure Act or to demonstrate irreparable harm.

The court conducted a hearing on McLane's motion for a preliminary injunction on December 14, 2001. At that hearing,

---

[2] In *McLane Co., Inc. v. Weiss*, the supreme court held that the provisions of the Act and regulation declaring a presumption that sales of cigarettes below a specified level were made with predatory intent were not unconstitutional. The court reversed a summary judgment entered against McLane on another issue. That case has been decided on remand by the circuit court and is now on appeal to the supreme court in Case No. 02-1057.

other licensed wholesale distributors[3] (Intervenors) were permitted to intervene in this action. The judge denied McLane's motion for a preliminary injunction on December 26, 2001, and entered findings of fact and conclusions of law on January 22, 2002. The judge did not address appellant's constitutional arguments, nor did he decide whether this action is barred by *res judicata*. He stated:

> The Court finds that Plaintiffs have failed to demonstrate a likelihood of success on the merits. McLane is required to exhaust its administrative remedies under the Administrative Procedures Act before collaterally attacking the constitutionality of the Act. The Arkansas Supreme Court has held that a litigant must exhaust his or her administrative remedies before filing a declaratory judgment action under Ark. Code Ann. § 25-15-207. *Ford v. Arkansas Game [&] Fish Comm'n,* 335 Ark. 245, 979 S.W.2d 897 (1988). *Ford* is controlling of this suit. Under *Ford,* McLane also must raise its constitutional arguments before the Board, and then appeal the Board's final ruling to the Circuit Court pursuant to Ark. Code Ann. § 25-15-212. In *AT&T Communications of the Southwest, Inc. v. Ark. Pub. Serv. Comm'n,* 344 Ark. 188, 40 S.W.3d 273 (2001), the Arkansas Supreme Court held that even though an administrative agency may not have the power to declare a statute unconstitutional, the constitutionality of a statute must be raised and developed at the administrative agency level. The Court rejects McLane's argument that the Supreme Court's holding in *AT&T Communications* is limited to situations where the administrative action is appealable directly to the Supreme Court.
>
> The Court holds that McLane is required to exhaust its administrative remedies prior to bringing this declaratory judgment action challenging the constitutionality of the Act (on its face or otherwise), or any other aspect of the administrative proceeding initiated by the Board. As McLane has failed to exhaust its administrative remedies, it has failed to establish that it is likely to succeed on the merits of its claims.

---

[3] Warren Wholesale Company, Inc.; Tom Fitts Tobacco Company, Inc.; Douglas Companies, Inc.; Glidewell Distributing Co., Inc.; Southern Wholesale, Inc.; Ritchie Grocer Co., Inc.; Northwest Tobacco and Candy Company; Merritt Wholesale Distributor, Inc.; and Warehouse Distributing, Inc.

The judge also found that McLane had failed to demonstrate a threat of irreparable harm, noting that the Board has no authority to bring a criminal prosecution and that a general claim of injury to reputation in the business community is not the type of concrete irreparable harm that will justify injunctive relief. He stated:

> McLane may defend itself and present evidence at a public hearing and it may appeal the Board's final decision. Any enforcement action (*e.g.*, fines levied or a license suspension) flowing from the proceeding before the Board may be stayed pending an appeal by McLane. Ark. Code Ann. § 25-15-12(c). The Court finds that McLane's business and property will be adequately protected while the administrative proceedings take place and during any appeal of those proceedings.

McLane has appealed from the denial of its motion for a preliminary injunction.

## Arguments

McLane has raised three main issues on appeal: (1) the anti-rebating provisions of the Act are unconstitutional; (2) it was not required to exhaust its administrative remedies; (3) it demonstrated the threat of irreparable harm. The judge, however, did not rule upon McLane's constitutional argument. Instead, he based his finding that McLane had failed to demonstrate the likelihood of success on the merits only on McLane's failure to exhaust its administrative remedies and did not address or rely on the constitutional issues. Therefore, we do not address McLane's constitutional arguments. The failure to obtain a ruling, even with respect to a constitutional question, precludes the consideration of that issue on appeal. *Technical Servs. of Ark., Inc. v. Pledger*, 320 Ark. 333, 896 S.W.2d 433 (1995). For the same reason, we also do not address the Board's *res judicata* argument.

The remaining two issues are whether the judge erred in finding that McLane should have exhausted its administrative remedies and that it had failed to demonstrate the threat of irreparable harm. The ultimate issue, as discussed below, is whether the judge abused his discretion in denying McLane's motion for a pre-

liminary injunction. Because we agree with the judge that McLane should have exhausted its administrative remedies, we need not decide whether McLane demonstrated the threat of irreparable harm.

*Standard of Review*

 A party seeking a preliminary injunction must demonstrate a likelihood of success on the merits of the claim for a permanent injunction as well as the likelihood that, absent the granting of preliminary relief, irreparable harm will occur. *Moore v. Midwest Distrib., Inc.*, 76 Ark. App. 397, 65 S.W.3d 490 (2002). An order granting or denying a preliminary injunction is within the judge's discretion, and we will not reverse a judge's ruling on a preliminary injunction unless there has been an abuse of discretion. *Id.* When considering an order that denies an injunction, we will not delve into the merits of the case further than is necessary to determine whether the trial court exceeded its discretion. *Custom Microsys., Inc. v. Blake*, 344 Ark. 536, 42 S.W.3d 453 (2001). In *Villines v. Harris*, 340 Ark. 319, 323-24, 11 S.W.3d 516, 519 (2000), the supreme court explained:

> The sole question before the appellate court is whether the trial court "departed from the rules and principles of equity in making the order," and not whether the appellate court would have made the order. *Special School Dist. [v. Speer,* 75 F.2d 420, 421-22 (8th Cir. 1935)].

. . . .

Here, we have a distinct basis and specific authority to hear the appeal from an injunction, and the extent of our review is dependent on the decision appealed from. Although we may regret our lack of ability to give a trial court sufficient guidance on remand so that it might avoid. error, we cannot precipitately prevent such error by preempting the trial court's action. We have long held that our role, for better or worse, is to decline to issue advisory opinions. *See SEECO, Inc. v. Hales,* 330 Ark. 402, 414, 954 S.W.2d 234, 241 (1997). We are limited to a review of the record before us.

## Exhaustion of Administrative Remedies

■ McLane challenges the judge's finding that it failed to demonstrate a likelihood of success on the merits because it failed to exhaust its administrative remedies. The test for determining the likelihood of success is whether there is a reasonable probability of success in the litigation. *Three Sisters Petroleum, Inc. v. Langley*, 348 Ark. 167, 72 S.W.3d 95 (2002). The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Holt v. Holt*, 70 Ark. App. 43, 14 S.W.3d 887 (2000).

■ The Administrative Procedure Act, in Ark. Code Ann. § 25-15-207 (Repl. 2002), provides for petitions for declaratory judgment in circuit court concerning the validity of agency rules or their application that threaten to injure the petitioner. *See Douglass v. Nationwide Mut. Ins. Co.*, 323 Ark. 105, 913 S.W.2d 277 (1996). However, requests for declaratory relief should be denied when there are ongoing proceedings where the issue may be resolved. *UHS of Ark., Inc. v. Charter Hosp. of Little Rock, Inc.*, 297 Ark. 8, 759 S.W.2d 204 (1988).

■ It is clear that the exhaustion-of-administrative-remedies doctrine applies even when statutes are challenged as unconstitutional. The judge relied on *Ford v. Arkansas Game & Fish Comm'n*, 335 Ark. 245, 979 S.W.2d 897 (1998), in his finding that McLane should have exhausted its administrative remedies, even though it raised constitutional claims. In that case, Ford had a hearing before the commission pursuant to the Administrative Procedure Act. Before the hearing was complete, he filed a declaratory-judgment action, contending that the statute being applied to him was unconstitutional. The trial court dismissed the action because Ford had not exhausted his administrative remedies. Ford argued on appeal that he was not required to exhaust his administrative remedies because he was raising a constitutional claim which, he contended, the agency was incapable of deciding. The supreme court affirmed and stated:

> We have held in numerous cases that a litigant must exhaust his or her administrative remedies before instituting litigation to

challenge the action of an administrative agency, except where it would be futile or where there was no genuine opportunity to do so. *See, e.g., McCullough v. Neal*, 314 Ark. 372, 862 S.W.2d 279 (1993); *Hankins v. McElroy*, 313 Ark. 394, 855 S.W.2d 310 (1993); *Arkansas Motor Vehicle Comm'n v. Cantrell Marine, Inc.*, 305 Ark. 449, 808 S.W.2d 765 (1991). We have also applied this common-law rule to declaratory-judgment actions filed under Ark. Code Ann. § 25-15-207. *See Regional Care Facilities, Inc. v. Rose Care, Inc.*, 322 Ark. 780, 912 S.W.2d 406 (1995); *McEuen Burial Assoc. v. Arkansas Burial Ass'n Bd.*, 298 Ark. 572, 769 S.W.2d 415 (1989).

Specifically, in *Regional Care*, the Arkansas Health Services Commission issued Regional Care a permit of approval to build a nursing facility. *Regional Care, supra.* Rose filed a notice of appeal asking the Commission to reconsider its decision. *Id.* While the matter was pending before the Commission, Rose filed a declaratory-judgment action in the circuit court. *Id.* On appeal, Rose argued that pursuant to Ark. Code Ann. § 25-25-207(d) it was not required to exhaust its administrative remedies before seeking a declaratory order from the court. *Id.* On appeal, we explained that:

> "It seems to be now a recognized doctrine that requires administrative relief to be sought before resorting to declaratory procedure, wherever administrative relief is afforded and this requirement is not one merely requiring the initiation of administrative procedure, but the administrative procedure must be pursued to its final conclusion before resort may be had to the court for declaratory relief" . . . declaratory relief is not proper when the identical questions involved in the declaratory proceeding are already at issue between parties in a pending action.

*Id.* (quoting *Rehab Hosp. Serv. Corp. v. Delta-Hills Health Sys. Agency, Inc.*, 285 Ark. 397, 687 S.W.2d 840 (1985)). Because Rose filed the declaratory-judgment action before the Commission held its hearing on Rose's motion for reconsideration, we held that Rose failed to exhaust its administrative remedies. *Id.*

As in *Regional Care*, the Commission exercised jurisdiction over the matter by notifying Ford of its intention to revoke his hunting and fishing licenses, and Ford requested an administrative hearing. Hence, it is clear that Ford was not entitled to file a declaratory-judgment action under Ark. Code Ann. § 25-15-207

before he exhausted his administrative remedies before the Commission. Instead of filing a declaratory judgment action, Ford should have raised his constitutional arguments before the Commission, and then appealed the Commission's final ruling to the circuit court pursuant to Ark. Code Ann. § 25-15-212 (Repl. 1996).

335 Ark. at 250-52, 979 S.W.2d at 900. We find no meaningful distinction between *Ford* and this case.

▮ Relying on *Lincoln v. Arkansas Pub. Serv. Comm'n*, 313 Ark. 295, 854 S.W.2d 330 (1993), McLane contends that an administrative agency is without authority to rule on statutes it enforces because of the separation of powers doctrine. We disagree. This argument was rejected in *AT&T Communications of the Southwest, Inc. v. Arkansas Pub. Serv. Comm'n*, 344 Ark. 188, 40 S.W.3d 273 (2001), which the judge also cited as support for his decision. In *AT&T*, the supreme court acknowledged that it had held in *Lincoln v. Arkansas Pub. Serv. Comm'n, supra*, that to allow the Public Service Commission to declare unconstitutional a statute that it was required to enforce would violate the separation of powers doctrine; it explained, however, that its holding in *Lincoln* did "not mean that a constitutional issue should not be *raised and developed* at the administrative level." 344 Ark. at 196, 40 S.W.3d at 279 (emphasis in original). In so holding, the court noted that this rule had been followed in appeals involving the Workers' Compensation Commission, the Arkansas State Board of Architects, and the Arkansas Health Services Agency. We note that in *Lincoln*, unlike the case before us, an administrative procedure was not in progress when the declaratory-judgment action was filed.

▮ McLane is also incorrect in arguing that *AT&T*, which was directly appealed from the Public Service Commission to this court and then to the supreme court, is distinguishable from this case because the circuit court was not involved in the proceeding; the considerations supporting the exhaustion-of-remedies doctrine apply equally to declaratory-judgment actions in circuit court. *See Regional Care Facilities, Inc. v. Rose Care, Inc.*, 322 Ark. 780, 912 S.W.2d 406 (1995); *Arkansas Motor Vehicle Comm'n v. Cantrell Marine, Inc.*, 305 Ark. 449, 808 S.W.2d 765 (1991).

McLane further argues that it should not have been required to exhaust its administrative remedies because it challenges the anti-rebating statute as unconstitutional on its face. Again, we disagree and note that this argument was rejected in *AT&T*. "Raising such constitutional issues before the Commission is significant even when a statute is challenged as unconstitutional on its face, especially since the interpretation given by the agency charged with its execution is highly persuasive. *See Southwestern Bell Tel. Co. v. Arkansas Pub. Serv. Comm'n*, 69 Ark. App. 323, 13 S.W.3d 197 (2000)." 344 Ark. at 198, 40 S.W.3d at 280. Additionally, McLane has sought in this action to enjoin the Board's *enforcement* of the anti-rebating provisions, and it was the Board's action charging McLane with violations of those provisions that prompted McLane to file suit.

McLane also contends that the Board's construction of the validity of the anti-rebating provisions is "a foregone conclusion" and that it would have been futile for McLane to exhaust its administrative remedies. *See Cummings v. Big Mac Mobile Homes, Inc.,* 335 Ark. 216, 980 S.W.2d 550 (1998). We do not, however, believe that McLane established the futility of its raising the constitutional issues in the administrative proceeding. Whatever the Board's decision on the matter, McLane would have been able to appeal its decision to the circuit court. *See* Ark. Code Ann. § 25-15-212 (Repl. 2002). Also, the Board might have interpreted the statute in a manner that favored McLane's position or it might have determined that McLane's conduct did not fall within the terms of the statute.

The judge was correct in finding that McLane was required, and failed, to exhaust its administrative remedies. We hold, therefore, that the judge correctly found that McLane did not establish a likelihood of success on the merits and that he did not abuse his discretion in denying the motion for preliminary injunction.

Affirmed.

VAUGHT and BAKER, JJ., agree.