# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3355

_____

|  |  |  |
|---|---|---|
| Calico Trailer Manufacturing Company, Inc., | * | |
| | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Insurance Company of North America; | * | |
| Loss Control Services, Inc.; National | * | |
| Council on Compensation Insurance, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: April 17, 1998
Filed: September 9, 1998

_____

Before RICHARD S. ARNOLD,* Chief Judge, LOKEN, Circuit Judge, and PRATT,** District Judge.

_____

LOKEN, Circuit Judge.

_____

*The Honorable Richard S. Arnold stepped down as Chief Judge at the close of business on April 17, 1998, succeeded by the Honorable Pasco M. Bowman, II.

**The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Like other States, Arkansas requires employers to obtain workers' compensation insurance. That insurance is comprehensively regulated by means of the statutory Arkansas Workers' Compensation Insurance Plan administered by the Insurance Commissioner. See Ark. Code §§ 23-67-219, 23-67-303 to -313. The Commissioner has fleshed out the statutory Plan in Insurance Rule and Regulation 54.

In 1989, the Plan Administrator involuntarily placed Calico Trailer Manufacturing Company, Inc., an Arkansas manufacturer, in the "assigned risk pool" for eligible employers who cannot obtain workers' compensation insurance in the voluntary market. Assigned risk employers are insured by participating insurers at rates established by the Administrator. Unhappy with the premiums it has paid and the insurance services it received as an assigned risk insured, Calico commenced this action in state court against Insurance Company of North America (INA), the Pennsylvania insurer that serves as Calico's "servicing carrier"; CIGNA Loss Control Services, Inc., a Texas company that provides loss control services; and the National Council on Compensation Insurance (NCCI), a workers' compensation insurance ratings organization licensed by the Commissioner under Ark. Code § 23-67-214. Asserting causes of action for breach of contract, breach of fiduciary duty, bad faith, violation of public policy, and negligence, Calico alleges that defendants conspired to "increas[e Calico's] premiums to [an] unlawful and unregulated rate level" by failing to provide cost-containing services such as proper claims investigations, proper defense of false and fraudulent claims, on site safety investigations, the recommending of safety improvements, and the distribution of safety materials to employees. Defendants removed the diversity case, the district court[1] dismissed Calico's claims, and Calico appeals. We modify the dismissal to be without prejudice and affirm.

---

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

The district court concluded Calico's claims are barred by the filed rate doctrine, a doctrine that "prohibits a party from recovering damages measured by comparing the filed rate and the rate that might have been approved absent the conduct in issue." H.J. Inc. v. Northwestern Bell Tel. Co., 954 F.2d 485, 488 (8th Cir. 1992), *cert. denied*, 504 U.S. 957 (1992). On appeal, Calico concedes the doctrine applies to workers' compensation insurance rates filed and approved by the Commissioner for Arkansas employers in the assigned risk pool. But Calico argues its claims are not barred by the doctrine because it is not challenging the filed rates, only defendants' failure to provide services that resulted in Calico being required to pay retroactive premium increases under the filed rates. We need not consider the applicability of the filed rate doctrine because Calico's diversity suit suffers from a threshold flaw, Calico's failure to exhaust administrative remedies made available to workers' compensation insureds under Arkansas law.

Insurance Rule and Regulation 54 includes detailed provisions (i) authorizing the Plan Administrator to establish written performance requirements for servicing carriers, such as INA, regarding premium audit and collection, claims services, loss control and safety services, and resolution of complaints, § 8.D(5); (ii) requiring servicing carriers to "manage losses in compliance with the performance standards," provide service comparable to that given voluntary insureds, consult with insureds about joint settlement of claims, comply with approved rate filings and rating plans, and meet "such other service or performance standards . . . as may be specifically required by the Commissioner," §§ 9(3) & (4); and (iii) permitting servicing carriers to contract with third parties, such as CIGNA Loss Control Services, "for the purpose of satisfying other duties as servicing carriers," including loss control, subject to the Commissioner's approval, § 9(5). In other words, all the insurer services about which Calico complains are comprehensively regulated under Insurance Rule and Regulation 54.

In addition to these substantive regulations, Insurance Rule and Regulation 54 provides dispute resolution procedures. An insured "who may have a dispute with

respect to any aspect of the Plan" may complain to the Plan Administrator, whose decision may be appealed to the Commissioner. For employer disputes, the proceedings before the Plan Administrator and the Commissioner are subject to "all requirements of due process" and the notice and hearing requirements of Ark. Code § 23-67-219(3)(B). See Rule 54, § 13. Another section of the Rule, § 4.K, provides for hearings regarding "premium[s] in dispute." Finally, the Commissioner's decisions regarding such disputes are apparently subject to judicial review under Ark. Code § 23-61-307. See Rule 54, § 13(1); cf. Douglas v. Dynamic Enters., Inc., 869 S.W.2d 14, 15 (Ark. 1994).

"Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." Reiter v. Cooper, 507 U.S. 258, 269 (1993). The Arkansas Supreme Court requires exhaustion of an available administrative remedy unless it would be futile to do so. See Hankins v. McElroy, 855 S.W.2d 310, 312 (Ark. 1993); Arkansas Motor Vehicle Comm'n v. Cantrell Marine, Inc., 808 S.W.2d 765, 766 (Ark. 1991). Calico has made no showing that its unexhausted remedies under the Plan are unavailable or would be futile. Accordingly, its diversity lawsuit is premature and must be dismissed. Consistent with exhaustion principles, we modify the dismissal to be without prejudice and affirm.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.