NUMBER 13-05-256-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CLARK FREIGHT LINES, INC., Appellant,


v.


LIBERTY INSURANCE CORPORATION, Appellee.

 


On appeal from the 280th District Court of Harris County, Texas


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 Clark Freight Lines, Inc. appeals from the trial court's dismissal of its declaratory-judgment action against Liberty Insurance Corporation in an order granting Liberty's
verified plea in abatement. We reverse and remand for the following reasons. 

 According to Liberty's plea in abatement, the action for declaratory judgment filed
by Clark Freight involves a billing dispute regarding a workers' compensation insurance
policy ("the Policy") that Liberty issued to Clark Freight pursuant to Arkansas statutes
creating the Arkansas Workers' Compensation Insurance Plan ("the Plan"). (1) According to
Liberty, the trial court was required to dismiss Clark Freight's action because, before filing
suit in Texas, Clark Freight failed to exhaust its administrative remedies with the Arkansas
Insurance Department ("the Department"). 

 In response, Clark Freight maintained that it had exhausted its administrative
remedies in Arkansas before filing suit and offered as evidence a written complaint it had
sent to Liberty, demanding that Liberty correct the billing discrepancy. Clark Freight also
sent a copy of that letter to the Department. As a second exhibit, Clark Freight offered a
letter to Clark Freight in which the Department stated that Clark Freight's complaint against
Liberty involves a "determination of fact," which is to be "done by a court." The
Department's response did not direct Clark Freight to any avenue of redress other than
litigation. 

 In addition, Clark Freight's response to the plea also contended, in the alternative,
that the administrative remedies identified by Liberty's plea in abatement are not
mandatory but rather permissive provisions, thus allowing Clark Freight to forgo them prior
to filing suit. 

 In its reply to Clark Freight's response, Liberty argued that the Department's letter
did not establish that Clark Freight had exhausted its administrative remedies. According
to Liberty, any dispute under the Plan must be reviewed first by the Plan Administrator,
whose decision may be reviewed by a committee appointed by the President of the
National Council on Compensation Insurance ("NCCI"). Any party affected by a decision
of the NCCI Committee may seek a de novo review by the Arkansas Commissioner of
Insurance, whose decision may, in turn, be appealed to the courts of the State of
Arkansas. 

 After holding a hearing on Liberty's plea, the trial court found that Clark Freight has
not exhausted its administrative remedies in Arkansas. We disagree. The parties agree
that Arkansas law governs this case, and the Arkansas Supreme Court requires exhaustion
of an available administrative remedy unless it would be futile to do so. See Hankins v.
McElroy, 313 Ark. 394, 855 S.W.2d 310, 312 (Ark. 1993); Arkansas Motor Vehicle Comm'n
v. Cantrell Marine, Inc., 305 Ark. 449, 808 S.W.2d 765, 766 (Ark. 1991). Although Liberty
correctly points out that Clark Freight has not demonstrated its compliance with the above-referenced provisions, it is equally apparent from the Department's letter that litigation is
the only recourse available to Clark Freight. We therefore reverse the order of the trial
court and hold that it erred in concluding that this case cannot "go forward because of . .
. failure to comply" with those provisions. 

 In remanding this cause for further proceedings, we note that Liberty has argued
both to the trial court and to this Court that even if the administrative remedies were
exhausted, this suit must nevertheless be dismissed because it can only be maintained in
the state courts of Arkansas. Because the trial court's order does not reflect that it ruled
on any forum issues, we express no opinion on the correctness of such arguments. See
Tex. R. App. P. 33.1, 47.1.


 The trial court's order is reversed and the cause is remanded for further proceedings
consistent with this opinion. 

 

 

 ________________________ DORI CONTRERAS GARZA, 

 JUSTICE

 

 Memorandum Opinion delivered and 

 filed this the 24th day of August, 2006. 
1. §§